IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

COOPER CARRY, INC.           )
                             )
v.                           ) NO. 3:05-0297
                             ) JUDGE CAMPBELL
OPRY MILLS, L.L.C.           )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Complaint (Docket No. 5). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

This action arises from a contract dispute related to the construction of the Opry Mills shopping mall in Nashville. Plaintiff's Complaint in this action asks the Court to declare that Plaintiff is not obligated to arbitrate certain claims of Defendant in an arbitration proceeding currently pending and to permanently enjoin that arbitration proceeding. Plaintiff asserts that Defendant's demand for arbitration was untimely. Defendant argues that the issue of whether a demand for arbitration is timely is for the arbitrator, not for the Court, and therefore, this action should be dismissed.

The contract at issue herein contained the following language: "Any request or demand for arbitration by any party hereunder shall be made on or before the issuance of the Certificate of Final Payment." Docket No. 1, Ex. A, p. 39. The contract also provided that any dispute between the parties shall first be referred to nonbinding mediation and, if not resolved, to binding arbitration. Id., pp. 38-39.

DISCUSSION

The U.S. Supreme Court has held that the arbitrator should decide allegations of waiver, delay or a like defense to arbitrability. Howsam v. Dean Witter Reynolds, Inc., 123 S.Ct. 588, 592 (2002) (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983)). In Howsam, the Court found that the applicability of a six-year limitations period was a matter for the arbitrator, not for the judge. Id.

Citing the Revised Uniform Arbitration Act of 2000, the Court noted that in the absence of an agreement to the contrary, issues of substantive arbitrability are for a court to decide and issues of procedural arbitrability, like whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrator to decide. Id.; see also Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 9-11 (1st Cir. 2005) and International Ass'n. of Bridge, Structural and Ornamental Iron Workers v. J & N Steel and Erection Co., Inc., 2001 WL 392048 at ** 4-5 (6th Cir. April 13, 2001).

The Court finds that the issues of time limitations and waiver presented by Plaintiff's Complaint herein are issues, in the first instance, for the arbitrator, not the Court.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss is GRANTED, and this action is DISMISSED. Plaintiff's Motion for Preliminary Injunction is DENIED as moot.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

2

Case 3:05-cv-00297   Document 19   Filed 08/03/05   Page 2 of 3 PageID #: 125